SMITH, CULVER, Associate Judge.
This is an Appeal from an Order of the Court below issuing a Peremptory Writ of Mandamus requiring the Appellants to issue to Appellees a building permit for the construction of an apartment building on their property in the Town of Palm Beach Shores, which property consists of an unnumbered lot designated “reserved” on the official plat of the Town. The Appellants contend that such a building would violate deed and plat restrictions, as well as the Town Zoning Ordinance. Appellees contend it would not violate any of these.
The real controversy centers upon the question of a building, or “set back” line, its location on Appellees’ lot, or whether there is any such line applicable at all to this unnumbered lot. This leads first to an examination of the question of the presence or absence of a building line on the plat which would affect this property, which is different in size and shape than the lots surrounding it on the north, east and south. It is bordered on the west by the waters of Lake Worth. Building lines on the official plat of the Town are shown by a broken line. In the particular area in question this broken line, designated as “front building line” runs across lots north of the “reserved” lot, but terminates at the north line thereof. It commences at the south line of the “reserved” lot and runs south across the lots to the south thereof. Certain symbols appear at the points where the building line described ends on the north and south lines of the “reserved” lot. They also appear on the northeast and southeast corner. Appellants designate these symbols as “traverse points” indicating a change in direction of the building lines. Without going into any detailed description, it suffices to say that if this contention were correct, the building line would pass entirely around Appellees’ property lines, thereby placing the entire “reserved” lot in front of the front building line and no structures whatsoever could be placed upon it. An examination of the plat in the record discloses that the symbols in question are designated thereon as “Permanent Reference Monuments”. In addition to this, there is testimony in the rec *207 ord of two experts, surveyors, to the effect that the building line terminates on the north and south boundaries of the “reserved” lot, does not cross it, and does not go around it. Therefore, there is no building line on the official plat which would have any bearing upon Appellees’ property.
It seems clear that Appellees’ property is not subject to any deed restrictions, since these restrictions are made applicable to certain listed and numbered lots, in which list the “reserved” lot does not appear. Appellants seem to impliedly concede this.
If Appellees’ property is subject to any building line restriction it must be because of the Zoning Ordinance of the Town. This ordinance was passed prior to Appellees’ purchase of the “reserved” lot, and adopts and makes a part thereof Articles 4 and S of the deed restrictions regarding set-backs and building lines. Article 4 of the deed restriction reads in part:
“No building or part thereof, except as hereinafter provided, shall be erected or maintained on any part of any lot closer to any street line or waterfront line than is shown on said Plat by the ‘Front Building Lines,’ nor closer to the rear lot line than is shown on said Plat by the 'Building Line’.” In no case shall such structure encroach beyond the building lines designated on the Plat.”
Having heretofore stated in this opinion that we find no building line on the official Plat having any bearing on the “reserved” lot owned by Appellees, it follows that the portion of the ordinance quoted above can have no application thereto.
Finally, Appellants contend that even if the Plat does not have a building line for Appellees’ property, one is fixed where none existed before, by reason of that portion of the Zoning Ordinance, reading as follows :
“ * * * and building lines shall conform to and be consistent with those set forth on the duly recorded plat of Palm Beach Shores * *
Appellants interpret this portion of the Ordinance in a manner which would extend the front building lines on the lots to the north and to the south across the “reserved” lot. This would actually preclude Appellees from constructing any building upon their property. On consideration of this point, the Chancellor stated:
“If it be conceded that the ordinance intended to grant authority to fix a building line on this parcel, where none whatever existed before, the purported authority of the municipal officers to describe a building line ‘consistent’ with those on the Plat would be subject to such uncertainty and vagueness in its interpretation that it could not be sustained as valid.”
We agree with this. If a consistent building line were established over Appellees’ property, the result would be inconsistency in its possible use with that of adjoining property owners. It also appears from the record that there was sufficient evidence to sustain the Chancellor’s finding that Appel-lees’ proposed building would not be detrimental to the public’s health, safety, morals or welfare. The Judgment appealed from is affirmed.
KANNER, C. J., and ALLEN, J., concur.